UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN EVERETT MYERS, )<br> )<br>          Plaintiff, )<br> )<br>     vs. )<br> )<br>JOHN ALDEN LIFE INSURANCE )<br>COMPANY, et. al, )<br> )<br>          Defendants. ) | 1:07-cv-683- SEB-TAB |

### ORDER DENYING PLAINTIFF'S MOTION TO REOPEN LITIGATION
(Docket No. 15)

On September 4, <u>2007</u>, this case was administratively closed without prejudice to the right of any party to move to reopen it on or before September 4, <u>2008</u>.  No motion to reopen or for an extension of time to reopen was filed by the September 4, 2008, deadline and, thus, by operation of the Court's September 4, 2007, order, the case was dismissed without prejudice.

Eleven days later, on September 15, 2008, Plaintiff belatedly moved to reopen the case. Defendant objected to Plaintiff's motion, and the Court ordered Plaintiff to file a reply brief. The Court, having considered the parties' briefings, now DENIES Plaintiff's motion.

This cause was administratively closed by agreement of the parties because Plaintiff wished to submit additional information to Defendant and the parties were "not ready to proceed with this case at this time."  [Joint Motion and Memorandum to Administratively Close Case, p. 1 - 2.]  So that the case would not remain in limbo on the Court's docket indefinitely, the Court set a specific deadline – one year from the date of its order –  for the parties to move to reopen it.  Plaintiff did not

1

file his motion to reopen within the one year time frame established and now asks the Court to excuse that failure for the reasons that: (1) his counsel did not properly calendar the deadline; and (2) there will be no prejudice to Defendant for no statute of limitations is running and no evidence will be lost.

Orders of the Court are not lightly set aside, and Plaintiff has failed to provide persuasive reasons for the Court to vacate the dismissal of this cause. Plaintiff did not answer the questions posed to him by the Court in its Interim Entry on Plaintiff's Motion to Reopen Litigation. [Docket No. 17.] He did not deny that he took no action in the last year to present additional information to Defendant, and he did not identify what administrative remedies are still available to him under the terms of his insurance contract. Moreover, while Plaintiff says he would gladly submit to any new "administrative remedies that would affect his claim, should Defendant proffer same," Defendant previously offered Plaintiff an opportunity to present additional information regarding his claim, which opportunity Plaintiff apparently failed to pursue. [Plaintiff's Response [sic – Reply] in Support of his Motion to Reopen Litigation, p. 2 - 3.]

Accordingly, the Court will not reopen this case. However, because this case was dismissed <u>without prejudice</u>, Plaintiff remains free to re-file his claims if, as he contends, "no statute of limitations is running" and there no other barriers precluding the refiling of those claims.

IT IS SO ORDERED.

Date:   10/27/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Gilbert Irwin Berry , Jr**
BUCK BERRY LANDAU & BREUNIG
berry@gberrylaw.com,sheila@gberrylaw.com

**S. Russell Headrick**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
rheadrick@bakerdonelson.com,ecunningham@bakerdonelson.com